No. 10,159.

PEOPLE v. SHIRLEY, ET AL.

Decided October 2, 1922.

Error by the people to review a judgment of acquittal in a criminal case.

*Reversed.*

1. PRIZE FIGHTING—*Adjudicated Cases—Instructions.* Instructions of the court held erroneous for the reasons stated in *People v. Corbett*, No. 10,158.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, Mr. PHILIP S. VAN CISE, district attorney, Mr. JAMES E. GARRIGUES, assistant, Mr. CARL CLINE, deputy, for the people.

No appearance for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a companion case to *People v. Corbett* and *Kanner*, No. 10158, this day decided and comes here in the same way. Defendants were charged with engaging in "a contention" and "fight without weapons" and "a sparring exhibition between themselves, to attend which an admission fee was charged and received," and on trial to a jury were acquitted.

The character of the contest here was in dispute but it was stipulated and agreed that it was held under the conditions of the proviso in the Act of 1899. The question remaining for determination was: Was it a sparring exhibition or a fight commonly called a ring or prize fight? The people tendered two instructions which would submit

that question to the jury.   Both were refused.   The court gave to the jury instruction No. 9, declaring the defendants not guilty if the conditions of the proviso were present, irrespective of the character of the contests; and instruction No. 10, under which the duty devolved upon the people to prove the absence of the conditions of the proviso and each of them.   To both these the people objected. These objections should have been sustained and the people's requested instructions given, for the reasons set out in the opinion in said cause No. 10158.

Had the law been as stated in instructions 9 and 10, nothing remained for the consideration of the jury and a verdict should have been directed.

The judgment is accordingly disapproved and reversed.